**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**RADON SERVICE AGREEMENT CORP.,**

        **Plaintiff,**

**-vs-**                                                 **Case No.  3-:04-CV-370**

**RADON SERVICE AGREEMENT, INC.,  et al.,**

                                                         **Judge Thomas M. Rose**

        **Defendants.**

---

**ENTRY AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. #7)**

---

This matter arises over a license agreement (the "Agreement") entered into by Plaintiff Radon Service Agreement Corporation ("RSA Corp.") with Defendant Radon Service Agreement, Inc. ("RSA"). The Agreement allegedly allows RSA to use certain intellectual property owned by RSA Corp. in exchange for certain payments. RSA allegedly assigned its rights in the Agreement to Defendant Radon Service Associates ("Services Associates").

RSA Corp. brings two causes of action under Ohio law against RSA and Services Associates (collectively the "Defendants"). The First Cause of Action is for breach of contract. The Second Cause of Action is for unjust enrichment.

Now before the Court is the Defendants' Motion To Dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. #7.) This Motion is now fully briefed and ripe for decision. The standard of review for motions to dismiss will first be set forth followed by an analysis of Defendants' Motion.

**STANDARD OF REVIEW**

The purpose of a Rule 12(b)(6) motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993)(citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987)).  Put another way, "the purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case."  5B Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1356 (3d ed. 2004).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) is a stringent one. "[A] complaint should not be dismissed for failure to state a claim on which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."*Hartford Fire Ins. Co. v. California,* 509 U.S. 764, 811 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In addition, for purposes of the motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232 (1974).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Columbia Natural Resources, Inc. v. Tatum*, 58 F. 3d 1101 (6th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996).  The Court "need not accept as true legal conclusions or unwarranted factual inferences*." Morgan v. Church's Fried Chicken,* 829 F. 2d 10, 12 (6th Cir. 1987).  Put another way, bare assertions of legal conclusions are not

sufficient. *Lillard v. Shelby County Bd. of Educ.*, 76 F. 3d 716, 726 (6th Cir. 1996). It is only well-pleaded facts which are construed liberally in favor of the party opposing the motion to dismiss. *Id.*; *see also,* Wright & Miller, *supra*, §1357.

In this case, the Defendants' Motion To Dismiss is based upon application of the statute of limitations. When a complaint indicates that the relief requested therein is barred by the statute of limitations, the complaint is to be dismissed pursuant to Rule 12(b)6) for failure to state a claim upon which relief can be granted. *Martinez v. Western Ohio Health Care Corp.*, 872 F.Supp. 469, 471 (S.D.Ohio 1994)(citing *Kaiser Aluminum and Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983)). The analysis next turns to Defendants' Motion.

## MOTION TO DISMISS

RSA Corp. alleges that it is due certain quarterly royalty payments. The Defendants move to dismiss RSA Corp.'s Second Cause of Action for unjust enrichment to the extent that it seeks recovery for alleged royalty payments due before February 16, 1999, because these royalty payments are due beyond the statute of limitations. RSA Corp. responds that the "discovery rule" should be applied in this case and the statute of limitations on the royalty payments did not begin to run until 2004 when RSA Corp. discovered active concealment by the Defendants regarding the revenues of their company.

RSA Corp.'s Second Cause of Action is for unjust enrichment under Ohio law. A six-year statute of limitations applies to unjust enrichment claims in Ohio. *Drozeck v. Lawyers Title Insurance Corp.*, 749 N.E.2d 775, 823 (Ohio Ct. App. 2000). Therefore, a six-year statute of limitations applies to RSA Corp.'s Second Cause of Action for unjust enrichment.

Both parties agree that RSA Corp's unjust enrichment claim is, at least in part, for installment payments, in the form of quarterly royalty payments, allegedly due to RSA Corp. Because the right to sue on each installment accrues when the installment payment is due, the statute of limitations runs separately upon default of payment of each installment. *Everhart v. State Life Insurance Co.*, 154 F.2d 347, 356 (6th Cir. 1946). Therefore, the statute of limitations is separate for each installment.

RSA Corp. argues that the "discovery rule" applies and the statute of limitations does not begin to run on the installments until the time when RSA Corp. "discovered" the active concealment by Defendants of their revenues. However, the "discovery rule" does not apply to unjust enrichment claims brought pursuant to Ohio law. *Palm Beach Company v. Dun & Bradstreet, Inc.*, 665 N.E.2d 718, 723 (Ohio Ct. App. 1995). In fact, "a cause of action for unjust enrichment accrues on the date that money is retained under circumstances where it would be unjust to do so." *Id.* Therefore, the statute of limitations on each royalty payment begins to run when the quarterly royalty payment was due.

## SUMMARY

RSA Corp.'s Second Claim for Relief for unjust enrichment includes, at least in part, claims that certain installment payments, in the form of quarterly royalty payments, were due and not paid. A cause of action for unjust enrichment accrues on the date that money is due. Further, a six-year statute of limitations applies to unjust enrichment claims brought pursuant to Ohio law. Therefore, to the extent that RSA Corp.'s unjust enrichment claims regard installment payments and are brought more than six years beyond when the installment payments were due, they are barred by the statute of limitations and must be dismissed. The Defendants' Motion To

Dismiss is, therefore, GRANTED regarding quarterly royalty payments due more than six years prior to when this action was filed.

  **DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Sixth day of August, 2005.

                   s/Thomas M. Rose

              _____
                THOMAS M. ROSE
             UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record